DOCKET NO. 336

JAN 13 1978

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ORTHO PHARMACEUTICAL "LIPPES LOOP" PRODUCTS LIABILITY LITIGATION

ORDER TO SHOW CAUSE

You and each of you are hereby ORDERED to show cause why the actions listed on the attached Schedule A should not be transferred pursuant to 28 U.S.C. §1407 to a single district for coordinated or consolidated pretrial proceedings.

Responses to this order shall conform with the requirements of Rule 8, of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 65 F.R.D. 253 (1975).

You are further notified that the issuing of this order by the Panel does not affect or suspend orders and discovery proceedings in the district courts in which said multidistrict litigation is pending. RPJPML (Rule 16).

FOR THE PANEL:

*John Minor Wisdom*

John Minor Wisdom
Chairman

Schedule A                                                        MDL-336

### MIDDLE DISTRICT OF PENNSYLVANIA

Richard and Susan Lyman v. Ortho Pharmaceutical              Civil Action
Corp.                                                        No. 77-18

### EASTERN DISTRICT OF MICHIGAN

Nancy Owens v. Ortho Pharmaceutical                          Civil Action
Corp.                                                        No. 77-1536

### SOUTHERN DISTRICT OF TEXAS

Rebecca and Luis Bodmer v. Ortho Pharmaceuticals,            Civil Action
etc.                                                         No. H-77-839

### DISTRICT OF NEW MEXICO

Carolyn Noble v. Ortho Pharmaceutical Co.,                   Civil Action
Inc., et al.                                                 No. 77-306-B

### NORTHERN DISTRICT OF CALIFORNIA

Agatha and Raymond Guzzo v. Ortho Pharmaceutical             Civil Action
Corp., et al.                                                No. C76-2708SAW

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE ORTHO PHARMACEUTICAL "LIPPES ) 
LOOP" PRODUCTS LIABILITY LITIGATION)    DOCKET NO. P-336

OPINION AND ORDER

---

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL, ANDREW A. CAFFREY*, AND ROY W. HARPER, JUDGES OF THE PANEL.

---

PER CURIAM

This litigation consists of five actions pending in different federal districts -- one each in the Middle District of Pennsylvania, the Eastern District of Michigan, the Southern District of Texas, the District of New Mexico, and the District of New Jersey. All these actions involve alleged personal injuries resulting from use of an intrauterine contraceptive device known as the "Lippes Loop." Ortho Pharmaceutical Corp., the manufacturer of the Lippes Loop, is named as a defendant in all five actions. Two of the actions also name plaintiffs' doctors as defendants. Liability is asserted against the defendants on principles of, inter alia, strict liability, breach of express and implied warranties and/or negligence, including inadequate designing, manufacturing and testing of the Lippes Loops and failure to warn adequately of the risks involved in its use.

---

\*   Judges Lord and Caffrey took no part in the decision of this matter.

Pursuant to 28 U.S.C. §1407(c)(i) and Rule 8, R.P.J.P.M.L., 65 F.R.D. 253, 258-59 (1975), the Panel ordered the parties to show cause why these actions should not be transferred to a single district for coordinated or consolidated pretrial proceedings. All parties that have responded -- defendant Ortho, one of the defendant physicians, and plaintiffs in three actions -- oppose transfer.

Although we are of the view that these actions involve some common questions of fact, see generally In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation, 406 F. Supp. 540, 542 (J.P.M.L. 1975), we find that transfer under Section 1407 would not at the present time serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Accordingly, we vacate the show cause order.

Plaintiff and defendant Ortho in the New Mexico action represent that pretrial proceedings have been completed and trial is imminent in that action. In the Michigan action we are advised that a discovery cutoff date of June 1, 1978, and a trial date in August of this year have been set. Because these two actions are so advanced, we believe that they should be excluded from transfer under Section 1407. See In re Celotex Corporation "Technifoam" Products Liability Litigation, 68 F.R.D. 502, 505 (J.P.M.L. 1975). Since only three actions remain, we are not convinced that the common factual issues are sufficiently

complex and the accompanying discovery time consuming enough to justify transfer. See In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543, 544 (J.P.M.L. 1969).

IT IS THEREFORE ORDERED that the order to show cause regarding the actions listed on the following Schedule A be, and the same hereby is, VACATED, without prejudice to the right of any party to move for transfer under Section 1407 at a later date if additional actions are filed or if any party believes that future circumstances otherwise warrant transfer.

DOCKET NO. 336 -- IN RE ORTHO PHARMACEUTICAL "LIPPES LOOP"
PRODUCTS LIABILITY LITIGATION

## SCHEDULE A

### MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richard and Susan Lyman v. Ortho Pharmaceutical Corp. | Civil Action No. 77-18 |

### EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Nancy Owens v. Ortho Pharmaceutical Corp. | Civil Action No. 77-1536 |

### SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Rebecca and Luis Bodmer v. Ortho Pharmaceuticals, etc. | Civil Action No. H-77-839 |

### DISTRICT OF NEW MEXICO

| | |
|---|---|
| Carolyn Noble v. Ortho Pharmaceutical Co., Inc., et al. | Civil Action No. 77-306B |

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Agatha and Raymond Guzzo v. Ortho Pharmaceutical Corp., et al. | Civil Action No. 78-162 |